LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [31]

## I.     INTRODUCTION

Pending before the Court is Defendant Alibaba.com Hong Kong Ltd.'s ("Defendant") Motion for Judgment on the Pleadings against Plaintiff Spy Optic, Inc. ("Plaintiff"). (Dkt. No. 31.) Defendant seeks to dismiss all claims in Plaintiff's First Amended Complaint ("FAC"). In the FAC, Plaintiff alleges five causes of action: (1) direct and contributory trademark infringement and counterfeiting, under 15 U.S.C. §§ 1114(1), 1116(d), and 1117(b) and (c); (2) false advertising, pursuant to 15 U.S.C. § 1125(a)(1)(A) and (B); (3) unfair competition and false designation of origin, according to 15 U.S.C. § 1125(a); (4) direct and contributory common law trademark infringement, and (5) unfair competition, under California Business and Professions Code §§ 17200, 17500, et seq. and California common law. (Dkt. No. 20.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Defendant's motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

Plaintiff is a California corporation in the business of developing, advertising, and marketing various products, including glasses, sunglasses, sunglass products, wearing

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

apparel, and sporting goods, such as backpacks and sports bags. (First Am. Compl. ("FAC") ¶¶ 1, 23–25.) To create brand awareness, Plaintiff uses the logos "SPY," "SPY OPTIC," and a cross logo— [ ] –in connection with its goods and services. (FAC ¶ 23.)

Defendant is a Hong Kong corporation that operates "a well-known network" of websites, including www.alibaba.com—a "business-to-business marketplace designed to connect buyers and sellers of a wide variety of products throughout the world"—and www.aliexpress.com—a website connecting "wholesale and other buyers to sellers in a wide variety of consumer products." (FAC ¶¶ 2–5.)

The facts giving rise to Plaintiff's FAC stem from Defendant's alleged infringing uses of Plaintiff's trademarks on Defendant's websites. (FAC ¶ 36.) Specifically, Plaintiff claims that Defendant uses its trademarks and "product depictions on its websites in a manner which falsely indicates that the suppliers on the Alibaba and other websites are authorized sellers of genuine Spy products or that Plaintiff has in some manner endorsed the sale of these products." (FAC ¶ 36.) Plaintiff further avers that upon entering "Spy Optic" into the websites' search engines, "a series of listings appear[] which, in many instances, includes unauthorized uses of the Spy Trademarks[,] suggesting that the products are authorized by Spy." (FAC ¶ 37.) According to Plaintiff, many of the listings regard counterfeit Spy merchandise. (FAC ¶ 37.) Further, the bottom of search-results pages provide links to other allegedly counterfeit Spy products, with link-titles such as "spy optic sunglasses," "sunglasses 2013 spy," "spy sunglasses mirror," and "spy sunglasses." (FAC ¶¶ 38–39.)

Plaintiff goes on to allege that Defendant's websites include a verification process for certain sellers, called "Gold Suppliers." (FAC ¶¶ 40–45.) According to Plaintiff, the verification process purports to "vet[] suppliers to ensure they provide authentic and genuine products, when in fact, upon information and belief, many of the identified 'Gold Suppliers' are providing counterfeit merchandise in connection with the infringing use of Plaintiff's Spy Trademarks." (FAC ¶ 42.) Plaintiff avers that Defendant's verification "places Defendant in the position of a principal with agency liability for the Gold Suppliers," (FAC ¶ 43), and that Defendant "promotes counterfeit Spy Sunglasses offered by 'Gold Suppliers' which claim to have been vetted by Alibaba, whose endorsement suggests to prospective consumers that the sunglasses offered by these suppliers are genuine and authentic Spy products," (FAC ¶ 48). Plaintiff also contends that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

significantly lower retail price at which the retailers sell Spy products to customers provides circumstantial evidence that such products are counterfeit. (FAC ¶ 51.)

With respect to the Gold Suppliers, Defendant claims that it does not verify the authenticity of the goods listed for sale by Gold Suppliers. (Mot. at 6.) In fact, Defendant maintains that it specifically explains on its websites that it "does not and cannot guarantee the authenticity or genuineness of any goods listed for sale by sellers." (Mot. at 6.) Rather, the Gold Supplier status, according to Defendant, provides buyers with assurances that the sellers are "legally registered companies." (Mot. at 6.)

Plaintiff also alleges that Defendant uses its trademarks in Defendant's websites' metadata to create an association with various landing pages on the sites to promote counterfeit Spy products offered by Gold Suppliers. (FAC ¶ 55.) Plaintiff further contends that this conduct constitutes false advertising, namely because it indicates that the Gold Suppliers provide authentic Spy products. (FAC ¶ 49.) By grouping Plaintiff's products in the "spy sunglasses" category, and by using Plaintiff's trademark on its websites and in its metadata to attract browsers to the products, Plaintiff maintains Defendant "actively encourages users searching for Plaintiff's products to purchase counterfeit items or goods sold by unauthorized distributors." (FAC ¶ 55.)

Even though Plaintiff alleges trademark infringement, Plaintiff concedes that Defendant has a system in place for intellectual property holders to submit complaints reporting infringing listings appearing on websites controlled by Defendant. (FAC ¶ 59.) The system is called "AliProtect." (FAC ¶ 59.) Plaintiff also acknowledges that it has used the AliProtect over 12,000 times to report violations, and Defendant has responded by removing "thousands" of infringing listing from its websites. (FAC ¶ 60.) Despite the fact that Defendant has removed many infringing listings upon Plaintiff's request, Plaintiff maintains that more infringing products are added daily and that Defendant has failed to eliminate repeat infringers from its websites. (FAC ¶¶ 60–61.) For example, Plaintiff alleges that Shenzhen Yashiwei Optical Co. Ltd., a third-year Gold Supplier, had infringing products removed from one of the websites. (FAC ¶ 61.) Notwithstanding this fact, Plaintiff claims that Defendant allowed Shenzhen Yashiwei Optical to subsequently list additional unauthorized Spy products on Defendant's websites. (FAC ¶ 61.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

### B. Procedural Background

Plaintiff filed the original Complaint initiating this case on January 28, 2015. (Dkt. No. 1.) On May 6, 2015, the Court issued an order granting Plaintiff leave to file the FAC, (Dkt. No. 19), which Plaintiff filed on May 15, 2015, (Dkt. No. 20). The Court also allowed Defendant sixty days to respond to the FAC. (Dkt. No. 19.) Defendant timely filed its Answer to Plaintiff's FAC, (Dkt. No. 26), and filed the instant motion on August 19, 2015, (Dkt. No. 31). Plaintiff filed its Opposition on August 26, 2015, (Dkt. No. 34), as well as evidentiary objections, (Dkt. No. 35), and a request for judicial notice, (Dkt. No. 36). Defendant timely replied. (Dkt. No. 38.)

## III. REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b). Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Here, Plaintiff requests that the Court take judicial notice of five documents, including an internet news article about Defendant that is available at Bloomberg.com, three screen shots of web pages on one of Defendant's websites, and Defendant's

Case 2:15-cv-00659-BRO-JC Document 42 Filed 09/28/15 Page 5 of 14 Page ID #:583

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

corporate filing with the Securities Exchange Commission ("SEC").[1] (Req. for Judicial Notice ("RJN"), Exs. 1–5.)

### A. Internet Article

First, Plaintiff requests that the Court take judicial notice of an internet article on Bloomberg.com, titled "China Accuses Alibaba of Lax Oversight of Merchants," which allegedly "detail[s] public accusations made by the Chinese government against Alibaba." (RJN, Ex. 1.) Courts may take judicial notice of the fact that an internet article is available to the public, but it may not take judicial notice of the truth of the matters asserted in the article. *McCrary v. Elations Co., LLC*, No. 13-00242-JGB, 2014 WL 1779243, at *1 n.3 (C.D. Cal. Jan 13, 2014) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (citation and quotation omitted)). Accordingly, Plaintiff's request is **GRANTED** with respect to the internet article, but only as an indication of what information was in the public realm at the time.

### B. Defendant's Web Pages

Plaintiff also request that the Court take judicial notice of screen shots of one of Defendant's websites. (RJN, Exs. 2–4.) The various screen shots allegedly promote Defendant's Gold Member Services, (RJN, Ex. 2), Defendant's verification services, (RJN, Ex. 3), and Defendant's "Warehouse-to-Door Logistics Services," (RJN, Ex. 4). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (citations omitted). However, "private corporate websites, particularly when

---

[1] In addition to its request for judicial notice, Plaintiff raises evidentiary objections to certain documents filed in support of Defendant's Motion and Reply on the ground that it is being outside the scope of review for purposes of a 12(c) motion. (Pl.'s Evid. Objs. at 2.) As discussed below, for purposes of deciding a 12(c) motion, the Court only considers the complaint, judicially noticed documents, material which is properly submitted as part of the complaint, and documents not physically attached to the complaint if their authenticity is not contested and the complaint relies on them. *See infra* Section IV. Thus, to avoid this motion's conversion to "one for summary judgment," *see* Fed. R. Civ. P. 12(d), the Court does not consider materials cited in Defendant's Motion and Reply that are outside the appropriate scope of review. Accordingly, Plaintiff's evidentiary objections are **OVERRULED as moot**.

Case 2:15-cv-00659-BRO-JC Document 42 Filed 09/28/15 Page 6 of 14 Page ID #:584

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *See Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007) (internal quotation marks omitted).

However, under the doctrine of incorporation by reference, in analyzing a motion to dismiss, the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *See Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 794–95 (N.D. Cal. 2011) (taking judicial notice of a document that explained the right and responsibilities of a social network website and its members, because the plaintiffs relied on and cited the document in its second amended complaint) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). Here, Plaintiff's FAC relies on the information in the RJN Exhibits 2 and 3, and also attaches the Exhibits as part of its Complaint. (*See* FAC ¶ 41, Ex. 13.) Given that Defendant does not contest the relevance or authenticity of these documents, Plaintiff's request is **GRANTED** with respect to RJN Exhibits 2 and 3. However, Plaintiff does not rely on RJN Exhibit 4 in the FAC, thus Plaintiff's request is **DENIED** with respect to that exhibit.

### C. SEC Form 20-F Documents

Plaintiff also asks the Court to take judicial notice of Defendant's Form 20-F filings with the SEC. (RJN, Ex. 5.) The court takes judicial notice only of the existence and contents of SEC filings, not the truth of information contained in them. *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1062 n.143 (C.D. Cal. 2012) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir.1996) ("When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC. Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.")). Given that Plaintiff seeks to admit this document to show how Defendant advertises its various services and not for the truth of the matter asserted in the documents, (*see* RJN at 3), Plaintiff's request is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

## IV. LEGAL STANDARD

After the pleadings are closed but early enough not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A dismissal on the pleadings for failure to state a claim is proper only if 'the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (quoting *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)). The standard applied to Rule 12(c) motions is fundamentally similar to that applied to Rule 12(b)(6) motions. "All allegations of fact by the party opposing the motion are accepted as true," and the complaint is construed in the light most favorable to the non-moving party. *Id.* "[C]onclusory allegations without more" are insufficient to defeat a motion for judgment on the pleadings. *Id.*

As with Rule 12(b)(6) motions, a district court typically may not consider material beyond the pleadings in ruling on a Rule 12(c) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Nevertheless, the court may consider "material which is properly submitted as part of the complaint." *Id.* The court may also consider documents not physically attached to the complaint so long as their authenticity is not contested and the complaint relies on them. *Lee*, 250 F.3d at 688. Finally, the court "may take judicial notice of 'matters of public record.'" *Id.* at 688–89 (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). Because the court may consider these materials, it need not accept as true allegations "contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004).

## V. DISCUSSION

In its FAC, Plaintiff raises five claims: (1) direct and contributory trademark infringement and counterfeiting, (2) false advertising, (3) federal unfair competition, (4) common law trademark infringement, and (5) unfair competition pursuant to California

Case 2:15-cv-00659-BRO-JC   Document 42   Filed 09/28/15   Page 8 of 14   Page ID #:586

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

law.  (Dkt. No. 20.)  Defendant argues that Plaintiff fails to state a claim on all five causes of action.  (Dkt. No. 38.)

### A.	Trademark Infringement and Counterfeiting

In its FAC, Plaintiff alleges statutory and common law trademark infringement, contending that Defendant is both directly and contributorially liable.  (FAC at 17, 20.)  The Court will analyze the statutory and common law trademark infringement claims together.  *See, e.g.*, *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.").

#### 1.	Direct Infringement

To prevail on a trademark infringement claim under section 32 of the Lanham Act, Plaintiff must show that Defendant used in commerce, without Plaintiff's consent, any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's valid trademark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  Defendant shall also be held liable for trademark infringement if they:

> reproduce, counterfeit, copy, or colorably imitate [Plaintiff's valid trademarks] and apply such reproduction . . . to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

*Id.* § 1114(1)(b).  The central inquiry of the trademark infringement claim is "whether [Defendant's] use of [Plaintiff's valid trademarks] creates a likelihood that the consuming public will be confused as to who makes what product."  *Jada Toys, Inc. v. Mattel, Inc.*,

Case 2:15-cv-00659-BRO-JC   Document 42   Filed 09/28/15   Page 9 of 14   Page ID #:587

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

518 F.3d 628, 632 (9th Cir. 2008) (quoting *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 908 (9th Cir. 2003)) (internal quotation marks omitted).

      Here, Plaintiff attaches as Exhibits to the FAC multiple federally registered trademarks in SPY, SPYOPTIC, and the cross logo. (*See* FAC ¶¶ 24–30.) Defendant does not contest the validity of the trademarks. Plaintiff therefore sufficiently alleges that it owns valid trademarks. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) ("Registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration.") (internal quotation marks omitted) (brackets in original); *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("When proving ownership of a trademark, federal registration of the mark is prima facie evidence that the registrant is the owner of the mark. Therefore, the registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration, and the challenger must overcome this presumption by a preponderance of the evidence.") (citation omitted).

      In the FAC, Plaintiff also alleges that Defendant's "unauthorized use of the Spy Trademarks in connection with the sale and offering for sale of the Offending Products constitutes direct and/or contributory infringement." (FAC ¶ 75.) Defendant contends that Plaintiff's direct infringement claim fails because Defendant itself does not sell or offer for sale any products on its websites. (Mot. at 11.) Rather, Defendant argues that it is similar to eBay in that it merely provides a platform for sellers and consumers to connect. (Mot. at 13–14.)

      Defendant also claims that any use of Plaintiff's trademark on its websites, for example, displaying or referencing product listings containing Plaintiff's trademark terms, is protected under the doctrine of nominative fair use. (Mot. at 11–12.) It further maintains that *Tiffany, Inc. v. eBay, Inc.*, 600 F.3d 93, 103, 109 (2d Cir. 2010), which held that eBay, a website providing a platform for buyers and sellers to connect, was not directly or contributorially liable for the seller's infringement of the plaintiff's products based on the facts of that case, compels a finding of no liability. (Mot. at 3, 13–14.) However, at the motion to dismiss stage, the Court is not tasked with determining the viability of Defendant's legal defenses. Rather, the Court must determine whether the

Case 2:15-cv-00659-BRO-JC Document 42 Filed 09/28/15 Page 10 of 14 Page ID #:588

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

Plaintiff's allegations, taken as true, sufficiently state a claim for Plaintiff's various causes of action. *See McGlinchy*, 845 F.2d at 810.

Here, Plaintiff alleges that Defendant uses Plaintiff's marks in its websites' metadata to group together infringing products to promote counterfeit Spy products. (FAC ¶ 48.) The use of Plaintiff's mark in the websites' metadata "purposefully directs" search engines to landing pages that allegedly sell counterfeit Spy merchandise. (FAC ¶ 47.) By embedding Plaintiff's marks in the websites' coding, which then directs buyers to allegedly-infringing sellers, Defendant is using Plaintiff's marks, without Plaintiff's consent, "*in connection with* the sale, offering for sale, or distribution" of allegedly counterfeit products. 15 U.S.C. § 1114(1)(a) (emphasis added); *see also Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1062–63 (9th Cir. 1999) (holding that the use of the plaintiff's mark in the defendant's website "metatags" constituted trademark infringement because it created initial interest confusion). Further, by directing consumers to allegedly-infringing sellers, Defendant creates a likelihood that consumers would be confused as to the origin of the allegedly-infringing products—instead of buying authentic Spy products, consumers would unknowingly purchase counterfeit merchandise.

For these reasons, Plaintiff's claim for direct trademark infringement is sufficiently pleaded.

### 2. Contributory Infringement

To state a claim for contributory infringement against a service provider, like Defendant, Plaintiff must sufficiently plead that Defendant (1) "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement," and (2) "had direct control and monitoring of the instrumentality used by a third party to infringe." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 942 (9th Cir. 2011).

Here, Defendant argues that it is not liable for contributory infringement because of its AliProtect system, which allows intellectual property holders to report infringing listings on Defendant's websites, thereby prompting Defendant to take down such listings. (Mot. at 15–16; *see also* FAC ¶ 59.) While Plaintiff does concede that it has

Case 2:15-cv-00659-BRO-JC Document 42 Filed 09/28/15 Page 11 of 14 Page ID #:589

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

successfully used AliProtect, Plaintiff also alleges that on at least one occasion, Defendant has allowed an infringer, Shenzhen Yashiwei Optical Co. Ltd., to continue to use its websites to post multiple infringing products, even after Plaintiff alerted Defendant via AliProtect that the seller infringed Plaintiff's trademarks. (FAC ¶ 61.) Taken as true, this fact establishes that Defendant continued to supply its services to an entity it knew was engaging in trademark infringement. Also, because Defendant was allegedly capable of removing this user from its website service, (FAC ¶ 83), Defendant had "direct control and monitoring of the instrumentality used" by that party to infringe Plaintiff's trademarks. Because Plaintiff claims that Defendant knowingly allowed the infringing seller to continue listing counterfeit Spy merchandise and that Defendant controlled the platform the seller used to infringe Plaintiff's trademark, Plaintiff sufficiently states a claim for contributory trademark infringement.[2]

As a result of the foregoing, Defendant's motion is **DENIED** with respect to Plaintiff's trademark infringement causes of action.

### B. False Advertising

Plaintiff also claims that Defendant violated section 43(a) by engaging in false advertising. (FAC at 18, 21.) Defendant committed false advertising under this section if it used in commerce a "false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).[3] Additionally,

---

[2] Defendant argues that it is an "innocent infringer" under 15 U.S.C. § 1114(2). (Mot. at 17.) However, assuming the Court held that Defendant is an innocent infringer, the only consequence would be to limit Plaintiff to injunctive relief. *See* 15 U.S.C. § 1114(2)(C). Accordingly, concluding that Defendant is an innocent infringer would be of no matter in determining whether Plaintiff sufficiently pleaded trademark infringement because it would not result in the dismissal of the claim, but rather a difference in relief only.

[3] Plaintiff's FAC makes a false advertising claim under 15 U.S.C. § 1125(a)(1)(A) and § 1125(a)(1)(B). (FAC at 18.) However, in its Opposition, Plaintiff apparently abandons its claim under section 1125(a)(1)(A), arguing only that it sufficiently alleges a claim under section 1125(a)(1)(B). (Opp'n at 16.) However, a claim under section 1125(a)(1)(A) "requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114." *Grey*, 650 F. Supp. at 1173 ("The tests for

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

Plaintiff must believe that it has been or is likely to be damaged by Defendant's false advertising. *Id.* Plaintiff also claims that Defendant violated California Business and Professions Code section 17500, which makes unlawful any false or misleading statement concerning a product for sale made with knowledge of the statement's falsity. *See* Cal. Bus. & Prof. Code § 17500; *POM Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x 577, 580 (9th Cir. 2009). The Court will analyze the federal and state law claims together.

Here, Defendant contends that Plaintiff fails to state a claim because Plaintiff and Defendant must be in commercial competition for Plaintiff to have standing to sue under section 1125(a)(1)(B). (Mot. at 20.) However, the United States Supreme Court recently held in *Lexmark International, Inc. v. Static Control Components, Inc.*, 143 S. Ct. 1377 (2014), that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 1390. Here, Plaintiff alleges that Defendant's misrepresentations on its websites caused injuries to Plaintiff's commercial interest in sales or business reputation because counterfeit sales would reduce authentic Spy sales and consumers would erroneously associate the reduced-quality counterfeit items with Plaintiff's products. (FAC ¶ 67.) Accordingly, Plaintiff has standing to sue under section 1125(a)(1)(B).

Defendant also contends that Plaintiff fails to plead false advertising under the heightened pleading standard applied by district courts in the Ninth Circuit. *See, e.g.*, *EcoDisc Tech AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) ("Although the Ninth Circuit has not concluded that Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims."). "To satisfy Rule 9(b), Plaintiff must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *EcoDisc Tech*, 711 F. Supp. 2d at 1985 (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Plaintiff also must set forth what is false and

---

infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same."). Given that Plaintiff sufficiently stated a claim under 15 U.S.C. § 1114(1), Plaintiff also sufficiently stated a claim under section 1125(a)(1)(A).

Case 2:15-cv-00659-BRO-JC Document 42 Filed 09/28/15 Page 13 of 14 Page ID #:591

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

misleading about the statement and why it is false. *Id.* (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff sufficiently alleges false advertising under the heightened pleading standard. First, Plaintiff attaches Exhibits to the Complaint showing specific instances where Defendant uses Plaintiff's Spy trademarks embedded in metadata to direct consumers to listings that allegedly infringe Plaintiff's trademarks. (FAC ¶ 45, Ex. 14B; FAC ¶ 49, Ex. 16.) Plaintiff further describes what is false and misleading about the statements and why it is false, explaining that Defendant's use of Plaintiff's trademarks in metadata to lead consumers to infringing products, in conjunction with Defendant's designation of infringing suppliers as "Gold Suppliers," misleads consumers to believe that the counterfeit products are Plaintiff's authentic products. (FAC ¶ 58.) Plaintiff avers that Defendant "had contemporaneous knowledge that the goods bearing the Spy Trademarks that were offered for sale through [Defendant's] listing of suppliers were, in fact, counterfeit." (FAC ¶ 80.) For these reasons, Plaintiff sufficiently alleges false advertisement.

As a result of the foregoing, Defendant's motion is **DENIED** with respect to Plaintiff false advertising claims.

### C. Unfair Competition and False Designation of Origin

"[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979)). Further, "[t]he tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same." *Kythera Biopharmaceuticals, Inc.*, 998 F. Supp. 2d at 897 (citing *Grey*, 650 F. Supp. at 1173). Also, "[a] claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114." *Brookfield Commc'ns, Inc.*, 174 F.3d at 1046 n.6. Finally, "the Ninth Circuit 'has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code [section] 17200 are

Case 2:15-cv-00659-BRO-JC  Document 42  Filed 09/28/15  Page 14 of 14  Page ID #:592

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00659-BRO (JCx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | SPY OPTIC, INC. V. ALIBABA.COM, INC., ET AL | | |

substantially congruent to claims made under the Lanham Act.'" *Kythera Biopharmaceuticals, Inc.*, 998 F. Supp. 2d at 897 (quoting *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994)).

Accordingly, the Court's previous analysis of trademark infringement applies to Plaintiff's unfair competition and false designation of original claims. *See, e.g.*, *Kythera Biopharmaceuticals, Inc.*, 998 F. Supp. 2d at 897–98 (analyzing plaintiff's causes of action for trademark infringement, unfair competition, and false designation of origin together to determine whether the plaintiff sufficiently stated a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)). As discussed above, Plaintiff attached Exhibits to the FAC indicating that Plaintiff registered three marks with the United States Patent and Trademark Office. (FAC ¶¶ 24–30.) Plaintiff thus sufficiently states a claim that it owns a valid trademark. Plaintiff also sufficiently states a claim for both direct and contributory trademark infringement. *See* § V.A, *supra*. With respect to direct infringement, Plaintiff adequately alleges that Defendant used Spy trademarks in the websites' metadata to point consumers to infringing listings, thereby using Plaintiff's trademark in connection with a sale or offering of sale of counterfeit products. (FAC ¶¶ 47–48.) As for contributory infringement, Plaintiff alleges that Defendant knew about third-party infringing and, although it was within its power to do so, it failed to prevent future infringing listings by the same third party. (FAC ¶¶ 59, 61.) Thus, because Plaintiff sufficiently alleges trademark infringement, it also sufficiently states a claim for unfair competition and false designation of origin.

Accordingly, Defendant's motion is **DENIED** with respect to Plaintiff's unfair competition and false designation of origin claims.

## VI. CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |